UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAST MUPONDI, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> 4SSL HOLDINGS, LLC AND MURAD M. MADHANI, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:23-cv-176 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Last Mupondi brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, Plaintiff would respectfully show as follows:

### I. NATURE OF DEMAND

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Plaintiff and similarly situated employees in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay these employees at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Last Mupondi, on behalf of himself and all other similarly situated caregivers, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to their non-exempt caregivers for hours worked in excess of forty hours per workweek.

## II. PARTIES

5. Plaintiff Last Mupondi ("Mupondi") is an individual who resides in this judicial district. He was employed as a caregiver by Defendants within the meaning of the FLSA from through October 1, 2021 through February 14, 2023. A copy of his Consent is attached hereto as Exhibit A.

6. Defendant 4SSL Holdings, LLC is a domestic limited liability company with its primary place of business in Denton County, Texas.

7. 4SSL Holdings, LLC was an employer of Mupondi and those similarly situated as defined by 29 U.S.C. §203(d).

8. 4SSL Holdings, LLC can be served with process by serving its registered agent, Murad M. Madhani, at 2785 Rockbrook Dr., Suite 305, Lewisville, Texas 75067.

9. Defendant Murad M. Madhani ("Madhani") is an individual who is the owner of 4SSL Holdings, LLC.

10. Madhani was an employer of Mupondi and those similarly situated as defined by 29 U.S.C. §203(d).

11. Madhani can be served with process by serving him at 2785 Rockbrook Dr., Suite 305, Lewisville, Texas 75067

12. At all times hereinafter mentioned, Madhani has exercised managerial responsibilities and substantial control over Defendants' employees, including Mupondi, and the terms and conditions of their employment.

13. Madhani has the authority to, and has exercised his authority to hire, fire and direct Defendants' employees, including Mupondi.

14. Madhani has the authority to, and has exercised his authority to supervise and control the employment relationships and work schedules of Defendants' employees, including Mupondi.

15. Madhani has the authority to, and has exercised his authority to set and determine the rate and method of pay of Defendants' employees, including Mupondi.

16. Madhani has the authority to, and has exercised his authority to decide whether Mupondi and other similarly situated caregivers receive overtime compensation.

17. Defendant Madhani also kept business records for Defendants' employees, including Mupondi.

### III. JURISDICTION AND VENUE

18. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

19. The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Mupondi in Texas and have committed actions in Texas that

give rise to this cause of action.

20. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in Denton County, which is within this District.

### IV. COVERAGE UNDER THE FLSA

21. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Mupondi.

22. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Defendant 4SSL Holdings, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Defendant 4SSL Holdings, LLC been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant 4SSL Holdings, LLC is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. At all times hereinafter mentioned, Defendants employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

26. Defendants operate residential care homes providing personalized care to the elderly who require around-the-clock attention. Defendants' residential care homes are located in residential neighborhoods.

27. Mupondi was employed by Defendants as a non-exempt caregiver.

28. Mupondi was paid on an hourly basis.

29. Mupondi consistently worked more than forty hours per workweek.

30. Mupondi worked 12 hours per day, six days per week.

31. In fact, for the first five months of his employment, Mupondi worked 12 hour shifts, seven days a week.

32. Defendants never paid Mupondi overtime premiums for any hours worked over forty per workweek.

33. Mupondi and the putative class of other caregivers were all misclassified as independent contractors.

34. Even though Defendants classified their caregivers as independent contractors, Defendants knew their caregivers were employees.

35. Defendants controlled all aspects of the work performed by their caregivers.

36. Defendants determined the hours worked by their caregivers.

37. Defendants determined the clients for whom their caregivers would work.

38. Defendants determined which projects were assigned to specific caregivers.

39. Defendants reviewed the work performed by their caregivers, and required the caregivers correct their work when Defendants felt it was substandard or incorrect.

40. Defendants determined the compensation each of their caregivers received.

41. Defendants disciplined their caregivers.

42. Defendants hired and fired their caregivers.

43. Defendants classified their caregivers as independent contractors in order to avoid the tax consequences of employing the caregivers as employees and to avoid the overtime requirements of the FLSA.

44. Defendants have employed and are employing other individuals as caregivers who were subjected to the same treatment as Mupondi, in that they are not paid overtime premiums for any hours worked over forty per workweek.

45. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Mupondi and all other similarly situated caregivers.

## V. COLLECTIVE ACTION ALLEGATIONS

46. Mupondi seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former hourly caregivers who were employed by Defendants for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

47. The Class Members were subjected to the same pay provisions in that they were all paid hourly, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Mupondi, without regard to their individualized circumstances or their job duties.

48. Defendants' failure to compensate their employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation

to the FLSA Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Mupondi and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of Mupondi or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Mupondi also applied to all FLSA Class Members.

## VI. CAUSE OF ACTION

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

49. Mupondi incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

50. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per workweek at rates no less than one-and-one-half times their regular rates for which they were employed.

51. Defendants have acted willfully in failing to pay Mupondi and other similarly situated caregivers in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Last Mupondi prays for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and

for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

      b.      For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

      c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

      d.      For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      e.      For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law; and

      f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
     Douglas B. Welmaker
     Texas State Bar No. 00788641
     doug@wemakerlaw.com

**ATTORNEY FOR PLAINTIFF**